NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE CITY OF PATERSON, by its DEPARTMENT OF COMMUNITY DEVELOPMENT, | : : : : | |
| Plaintiff, | : : | Civ. A. No. 07-6065 (SRC) |
| v. | : : | **OPINION** |
| SHANNON G., LLC | : : | |
| and | : : | |
| US RAIL CORPORATION | : : | |
| Defendants. | : : | |

CHESLER, District Judge

This matter comes before the Court on Plaintiff's motion to remand [Docket Item No. 5]. Defendants oppose the motion. The Court has considered the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Plaintiffs' motion will be granted and this action will be remanded to the Superior Court of New Jersey, Chancery Division, Passaic County. Plaintiff's application for an award of attorneys' fees will, however, be denied.

## I.    BACKGROUND

Plaintiff, the City of Paterson, initiated this action in the Superior Court of New Jersey

1

against Defendant Shannon G., LLC ("Shannon G.") on April 25, 2007 and later joined US Rail

Corp. ("US Rail") as a defendant.  The underlying dispute arose from the City of Paterson's plan

to construct domes for the storage of salt on land owned by Shannon G. and leased to US Rail.

Shannon G. rejected Plaintiff's offer to purchase the property, and Plaintiff initiated eminent

domain proceedings in state court.  Defendants filed a notice of removal on December 18, 2007.

Although it is undisputed that both Defendants were served in the state court matter by

August 15, 2007 at the latest, Defendants argue that their removal was timely filed within thirty

days of service of the initial pleadings or summons because the state court action had been

stayed.  According to Defendants, on November 8, 2007, the state court stayed the state court

proceedings pending a decision by the Surface Transportation Board ("STB") regarding

proceedings pending before the STB. Thus, Defendants assert that their time to remove was also

stayed, making their removal timely.

Defendants also argue that because the property was leased to US Rail, the right to

eminent domain is pre-empted under the Interstate Commerce Commission Termination Act of

1995 ("ICCTA"), 49 U.S.C.A. §§ 701 to 727 and §§ 10101 to 16106.  According to Defendants,

this Court has federal question jurisdiction under ICCTA because Plaintiff's right to condemn the

property is precluded by US Rail's rights under ICCTA.

Plaintiff filed the instant motion to remand on January 11, 2008.

II.     DISCUSSION

A.     Subject Matter Jurisdiction

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a

case.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on

other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).  Parties

cannot waive a lack of subject matter jurisdiction or confer it upon the court by consent.  Brown

v. Phila. Hous. Auth., 350 F.3d 338, 346 (3d Cir. 2003).

        "The party asserting jurisdiction bears the burden of showing the action is properly before

the federal court." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005) (citing

Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)).  Title 28 U.S.C. §

1441, under which Defendants pled their notice of removal, must be "strictly construed against

removal" with all doubts to be resolved in favor of remand.  Id.; Batoff v. State Farm Ins. Co.,

977 F.2d 848, 851 (3d Cir. 1992).  A defendant may remove an action from state court to federal

district court pursuant to 28 U.S.C. § 1441(a) only when the federal courts have original

jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

        Defendants removed this action on the basis of both federal question jurisdiction, 28

U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.  For the following reasons, neither

one exists in this case, and the action must be remanded for lack of subject matter jurisdiction.

                1.        Federal Question Jurisdiction

        Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

actions arising under the Constitution, laws, or treaties of the United States." Caterpillar, 482

U.S. at 392 n.6.  In this case, Defendants contend that federal question jurisdiction exists because

US Rail's rights to the land in question are governed by the ICCTA, a federal statute.  The

Complaint, however, pleads for condemnation of land under New Jersey eminent domain law.  It

does not seek relief under the laws of the United States.

3

The issue of federal question jurisdiction is typically governed by the "well-pleaded complaint rule," which provides that there is jurisdiction only when the "face of the plaintiff's properly pleaded complaint" presents a federal question.  Caterpillar, 482 U.S. at 392; Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (stating that "it is long settled law that a cause of action arises under federal law only when plaintiff's well-pleaded complaint raises issues of federal law").  The well-pleaded complaint rule makes the plaintiff the "master of the claim," meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law. Caterpillar, 482 U.S. at 392 (citing Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913); Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809, n.6 (1986); and Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918)).

As stated above, the Complaint in this action contains a single cause of action sounding in New Jersey state law.  Defendants' assertion of the ICCTA as a defense to Plaintiff's claim of entitlement to take the subject property does not cause the action to arise under federal law. Louisville & Nashville R.Co. v. Mottley, 211 U.S. 149 (1908).  It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc., 482 U.S. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)) (emphasis in original).

Defendants argue that this case nevertheless arises under federal law because the "only question posed as to the condemnation action is . . . as to [US Rail's] rights under a federal law

4

[ICCTA]." (Def. Op. Br. at 1.)  The Court recognizes that in certain limited cases, federal question jurisdiction may exist when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983); see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 315 (2005) (articulating test for "arising under" jurisdiction based on an embedded federal question as whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal law and state judicial responsibilities.").

This case does not fall into that category of cases.  A determination of US Rail's rights under the ICCTA is not a necessary element of Plaintiff's eminent domain claim.  The ICCTA is raised as a defense; it is not part of the claim.  As discussed above, Defendants' assertion of federal law as a defense to this claim does not support federal question jurisdiction.

Nor does their preemption argument.  The complete preemption doctrine permits removal to federal court under federal question jurisdiction under the rationale that "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 23; see also Caterpillar, 482 U.S. at 393 (stating, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").  Despite Defendants' assertion that "all issues pertaining to ICCTA has [sic] always been an area reserved for the federal courts," (Def. Br. at 2) this Court is not aware of any authority - nor has any been

5

cited - that instructs that the complete preemption doctrine applies to the ICCTA.

Plaintiff's claim is not one that arises under federal law or raises a substantial or disputed question of federal law.  Under these circumstances there is no federal subject matter jurisdiction based on a federal question.

### 2.      Diversity Jurisdiction

Defendants' notice of removal is also deficient as to its attempt to remove based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  For jurisdiction to attach under 28 U.S.C.A. § 1332, all of the parties on one side of the action have to be of different states than those parties on the other side of the controversy, a principle also known as complete diversity. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806) (interpreting the precursor to Section 1332(a) to require complete diversity; Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993).

In the present case, it is undisputed that Plaintiff City of Paterson and Defendant Shannon G. are citizens of New Jersey.  Although US Rail is an Ohio Corporation, complete diversity of citizenship does not exist between Plaintiff and Defendants, as required by 28 U.S.C.   § 1332.

### B.      Removal Procedure

In addition to lacking subject matter jurisdiction, this case was not removed within the 30-day time period prescribed by 28 U.S.C. § 1446.  Plaintiff's motion to remand on this additional ground must be granted.

The governing statute requires that:

> The notice or removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then

been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (b).  The United States Supreme Court has determined the defendant's thirty day time to remove the case should be calculated when the summons and complaint are served or when the complaint is received after the service of a summons.  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999).  The Court held "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  Id.  The Court determined this interpretation was necessary to afford a defendant sufficient time to decide whether to remove the matter to federal court.  Id. at 354-55.

It is clear from Plaintiff's moving papers that service of the complaint was completed more than four months before the removal.  US Rail, the most recently named defendant, received the complaint at the latest by August 15, 2007, but the notice of removal was not filed until December 18, 2007.  The record is devoid of any allegations that the complaint was not properly served or that service was deficient.

Defendants argue that the untimeliness of removal is excused by the STB proceedings, stating that "[a]ll parties agreed, including the Court, that the matter would be held in abeyance to give the STB an opportunity to rule on the matter."  This argument is unavailing. "Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties.  The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the

7

court has no discretionary power to enlarge this period."  Peter Holdings Co. v. LeRoy Foods, Inc., 107 F. Supp. 56, 57-58 (D.N.J. 1952).  Defendants' failure to remove this action in a timely manner does not constitute a jurisdictional defect, but it does violate "a strictly applied rule of procedure that may not be extended by the court."  Rosebud Holding, L.L.C. v. Burks, 995 F.Supp. 465, 467 (D.N.J. 1998).  Plaintiff filed its motion in compliance with 28 U.S.C. § 1447(c), and thus the procedural defect raised by Plaintiff provides good grounds on which to grant the motion to remand.

### III.   ATTORNEYS' FEES

Under the relevant federal statute, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  District Courts have broad discretion to determine whether attorney fees are appropriate following remand.  Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  It is not necessary for the court to determine the moving party acted in bad faith to award attorney fees, but it is a factor that the court can consider.  Id.  In an exercise of discretion a court may award attorney fees upon finding the substantive basis for removal petition was "frivolous" or "insubstantial."  See id. at 1261.

Based on this standard, the Court finds that an attorneys' fee award is not warranted.

### IV.   CONCLUSION

For the foregoing reasons, this Court finds that this case must be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction and for procedural defect.  The Court

will not award Plaintiff attorneys' fees.  An appropriate form of order will be filed together with

this Opinion.

                                       s/ Stanley R. Chesler

                                     STANLEY R. CHESLER

                                     United States District Judge

DATED: May 5, 2008